UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**ROBERT COX**
    Plaintiff

v.                                                                                                                                                     **No. 5:07CV-00098-J**

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant

**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Dennis Fentress. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 12 and 15, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on September 22, 2006, by administrative law judge (ALJ) Randolph Schum. In support of his decision denying Title II and Title XVI benefits, Judge Schum entered the following numbered findings:

    1. The claimant met the insured status requirements of the Social Security Act through September 2002. The claimant has not established disability prior to the date his insured status expired.

    2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).

    3. The claimant has the following severe impairments: degenerative disc disease of the cervical spine; headaches; fibromyalgia; depressive disorder; anxiety-related disorder; and somatoform pain disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work activity. He can lift and carry a maximum of 50 pounds occasionally and 25 pounds frequently and push/pull within these weights. He can sit, stand and/or walk, about six hours each, in an eight-hour workday, with normal rest and meal breaks about every two hours. He has no significant postural, environmental, communicative, visual or manipulative limitations. The claimant retains the mental residual functional capacity to perform simple, repetitive types of jobs which do not require sustained interaction with the public.

6. The claimant is capable of performing past relevant work as a painter and service maintenance technician. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a "disability," as defined in the Social Security Act, from October 15, 2000 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Administrative Record (AR), pp. 21-28).

## Governing Legal Standards

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are

supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act. To qualify for supplemental security income (SSI) benefits, a claimant must file a Title XVI application, must have insufficient earnings and other financial resources, and must be under a disability as defined by the Act. The determination of disability is essentially the same for Title II and Title XVI purposes.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do

most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). The focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

**Discussion**

This case was denied at the fourth step of the sequential evaluation process based upon testimony from a medical expert (ME), Tom Wagner, Ph.D., and a vocational expert (VE), John Grenfell. At the administrative hearing, Dr. Wagner memorialized his findings by way of completion of the standard mental assessment form (AR, pp. 702-704). The VE testified that an individual with an ability to perform "medium" work and the mental limitations identified by the ME would retain the ability to perform the plaintiff's past relevant work (AR, pp. 785-786). In his written decision, the ALJ explicitly accepted Dr. Wagner's findings (AR, p. 27).

The plaintiff's first numbered contention is that "the administrative decision was based on inadequate and insufficient vocational evidence" (Docket Entry No. 12, p. 12). The argument has several sub-parts. First, the plaintiff argues that there is an inconsistency between the ALJ's acceptance of Dr. Wagner's findings and the ALJ's Finding No. 5. The ALJ's finding that the plaintiff is limited to "simple, repetitive types of jobs which do not require sustained interaction with the public" is allegedly more restrictive than the limitations identified by Dr. Wagner and contemplated by the controlling vocational hypothetical.

The magistrate judge concludes that the argument lacks merit because we perceive no genuine inconsistency between the mental limitations stated in Finding No. 5 (i.e., limited to "simple, repetitive types of jobs which do not require sustained interaction with the public") and those identified by Dr. Wagner at AR, pp. 702-703 (i.e., "slight" limitation with respect to understating, remembering, and carrying out "short, simple instructions" and "moderate" limitation with respect to "sustained [ability to] interact appropriately with the public").

Alternatively, the undersigned concludes that, to the extent there may be an inconsistency between the ALJ's findings and those of Dr. Wagner, any such inconsistency was harmless error. Judicial review contemplates a "harmless error" review. "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Shkabari v. Gonzales*, 427 F.3d 324, 328 (6th Cir., 2005). The court will affirm the Commissioner's final decision if the Commissioner's ultimate finding of lack of disability is supported by substantial evidence in the administrative record. If a finding of lack of disability is predicated upon a vocational hypothetical, the substantial evidence consists of the limitations contemplated by the hypothetical and understood by the VE, not the ALJ's subsequent characterization thereof in his written decision. In the present case, the VE testified that an individual with an ability to perform "medium" work and the mental limitations identified by Dr. Wagner can perform the plaintiff's past relevant work. The plaintiff has failed to show that he suffers from greater limitations than identified by Dr. Wagner. Therefore, substantial evidence supports the ALJ's ultimate finding of lack of disability, and any discrepancy between Dr. Wagner's findings and testimony and the ALJ's subsequent characterization thereof in Finding No. 5 was, at worst, harmless error.

Next, the plaintiff argues that substantial evidence shows that he cannot perform his past relevant work as a painter and service maintenance technician because these jobs have an SVP of 5 and 6 and the ALJ limited him to "simple, repetitive types of jobs." Appendix C of the Dictionary of Occupational Titles (DOT) defines SVP (i.e., specific vocational preparation) time as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker

6

situation." The magistrate judge concludes that the plaintiff's reliance upon SVP classifications in support of a conclusion that he cannot perform his past relevant work is unpersuasive because he already knows how to perform his past relevant work.

Next, the plaintiff observes that, in his written decision, the ALJ stated that he accepted the findings of the state agency reviewing physician, D. Irlandez (AR, p. 25). The plaintiff argues that the ALJ's decision is flawed because Dr. Irlandez' finding that the plaintiff is precluded from more than "occasional" climbing of ladders, ropes, and scaffolds was omitted from the controlling vocational hypothetical (AR, p. 301). According to the argument, if this limitation had been given to the VE, there is a reasonable probability that the VE would have eliminated the plaintiff's prior job as a painter. The Commissioner argues that the contention is without merit because, in fact, the ALJ did not adopt all of Dr. Irlandez' findings (Docket Entry No. 15, p. 5, citing ALJ's decision at AR, pp. 25 and 27). The magistrate judge finds the Commissioner's position to be less than fully persuasive because, while the ALJ does appear to adopt Dr. Irlandez' findings only to the extent that they would allow for the full range of "medium" work, the question remains why the ALJ should not have been required to adopt Dr. Irlandez' findings as a whole, including his "occasional climbing" limitation. However, the magistrate judge concludes that the plaintiff has failed to identify a reversible error because there is no evidence that the plaintiff's past relevant work as a service maintenance technician required more than "occasional" climbing of ladders, ropes, and scaffolds. A fourth-step denial decision is supported if a claimant retains the ability to perform at least one prior job.

Next, the plaintiff argues that the hypothetical erroneously omitted Dr. Wagner's finding that the plaintiff should not work around safety risks. The argument lacks a factual basis because the

hypothetical was explicitly based upon Dr. Wagner's mental assessment form. Among other things, Dr. Wagner found that the plaintiff must "avoid ... safety risk work environments" (AR, p. 703). Furthermore, the VE heard the ME's testimony regarding the plaintiff's need to "avoid noisy, distracting, fast-paced and safety-risk work environments" (AR, p. 780). There is no reason to presume that the VE did not take this testimony into account in responding to hypothetical questions.

The plaintiff's second numbered contention is that "the Administrative Law Judge's physical and mental residual functional capacity assessments cannot be found to be supported by substantial evidence of record" (Docket Entry No. 12, p. 17). First, the plaintiff argues that Dr. Wagner's assessment is not supported by substantial evidence because the rules concerning the weighing of medical opinions required the ALJ to adopt the opinion of the one-time examining source, certified psychologist Wayne Fuller, over that of the non-examining source, Dr. Wagner. Mr. Fuller examined the plaintiff at the request of counsel on October 27, 2005. Mr. Fuller's narrative report is at AR, pp. 663-667, and his completion of the standard mental assessment form is at AR, pp. 668-670. Mr. Fuller assigned a number of "marked" restrictions. The VE testified that acceptance of Mr. Fuller's findings would preclude all past relevant work (AR, pp. 786-788).

The plaintiff is correct that "[g]enerally, we [i.e., the Commissioner] give more weight to the opinion of a source who has examined you [e.g., Mr. Fuller] than to the opinion of a source who has not examined you [e.g., Dr. Wagner]." 20 C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1). However, the preference for one-time examining source opinions over nonexamining source opinions is only a general rule that can be overcome based upon the facts of a case. Like the present case, in *Barker v. Secretary*, 40 F.3d 789 (6th Cir., 1994), the claimant obtained, prior to the hearing, a mental assessment from a one-time examining source that was more restrictive than that given by

the ME at the hearing. The ALJ accepted the ME's testimony. The court held that the ALJ's acceptance of the ME's testimony was appropriate under the circumstances because the ME had reviewed the examining source report as well as the other medical reports, had listened to the claimant's testimony, and had concluded that the claimant's depression was only situational, not constant. The court noted the availability of the ME for cross-examination. Given these facts, the court held that the ALJ was entitled to accept the ME's evaluation in preference to that of the plaintiff's one-time examining source. The court noted that the ME had access to the entire medical record, whereas it appears that the consultative examiner worked only from personal examination of the claimant. Additionally, the ME observed the claimant at the administrative hearing, listened to the claimant's testimony, and based his conclusions in part upon first-hand observation, not unlike that of the one-time examining source.

> In his written decision, the ALJ found as follows (AR, p. 27):
>
> Dr. Wagner's opinion takes into account the evidence as a whole. Dr. Wagner's opinion is noted to be generally consistent with Dr. [Jacob] Muehleman's findings on examination [in April of 2005 (AR, pp. 625-633)]. Mr. Fuller's ultimate opinion the claimant is "moderately/markedly" limited is inconsistent with the more substantial evidence as determined by Dr. Wagner.

The plaintiff argues that the Dr. Wagner's opinion was insubstantial because, in fact, it does not take into account the evidence as a whole inasmuch as Dr. Wagner testified that he was not provided with copy of all the treating mental health records (AR, p. 778) and there is a lack of evidence that Dr. Wagner was aware of a prior examination by Dr. Muehleman in June of 2003 (AR, p. 781). Dr. Muehleman's prior examination results are at AR, pp. 207-211. The Commissioner states that the plaintiff's argument is "misleading" because it wrongly implies that there were significant treatment records pertaining to the plaintiff's mental impairment (Docket Entry No. 15, p. 7). The

magistrate judge concludes that the plaintiff's argument is unpersuasive because Dr. Wagner based his testimony upon the findings of Mr. Fuller and Dr. Muehleman's more recent assessment. The plaintiff has failed to show that Dr. Wagner's testimony was insubstantial in light of the evidence as a whole. The magistrate judge concludes that the facts of the present case are similar to those presented in *Barker*. As in *Barker*, the ALJ had a supportable basis for relying upon the ME's testimony.

Next, the plaintiff argues that the ALJ erred in declining to adopt the finding of the state agency reviewing physician, in connection with the initial denial decision, that the plaintiff "would be limited to occasional fine manipulation due to tremors" (AR, p. 126). In contrast, the reviewing physician in connection with the reconsideration denial decision, Dr. Irlandez, found that no manipulative limitations are established (AR, p. 302). The VE testified as follows with respect to the impact of hand tremors upon the plaintiff's ability to work (AR, p. 791):

> **VE:** If the tremors are not controlled when he grabs on to things like tools or a paintbrush, then it would interfere with them. Many people who have tremors as soon as they use force to paint, pull on a wrench, grab a hold a steering wheel or handlebars, the tremors tend to diminish. So if his are uncontrollable and they go on while he's attempting to engage in work activity, he'd not be able to do any of these jobs or any jobs that would ... require gross dexterity.

At the fourth step of the sequential evaluation process, the claimant carries the burden of proving that he cannot perform any of his past relevant work. The magistrate judge concludes that the plaintiff has failed to eliminate the possibility that his hand tremors diminish when force is applied sufficiently to return to his prior job as a service maintenance technician. In October of 2002, neurologist Van Woeltz, M.D., observed mild hand tremor but no coordination drift and normal strength and tone (AR, pp. 183-184). In October of 2003, J. Stidam, M.D., found that the plaintiff exhibited normal fine finger manipulation and 5/5 strength throughout (AR, pp. 273-274). In May of 2004, Dr. Woeltz found that the tremor may be a side-effect of medication (AR, p. 397).

10

The plaintiff's third numbered contention is that "the administrative decision failed to comply with Social Security Ruling [SSR] 96-7p" (Docket Entry No. 12, p. 22). SSR 96-7p provides how the Commissioner is to evaluate subjective complaints. The plaintiff alleges disability due to headaches; fibromyalgia; depressive disorder; anxiety-related disorder; and somatoform pain disorder. By their nature, these impairments result in subjective symptoms, such as pain, fatigue, anxiety, and depression.

Unless the objective medical evidence confirms the severity of the symptoms alleged, the Commissioner will consider various factors in determining the limitations that result from pain and other subjective symptoms. 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). The ALJ considered these factors, beginning at page 9 of his decision (AR, p. 27). "The absence of sufficient objective medical evidence [confirming the severity of alleged pain] makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." *Walters v. Commissioner*, 127 F.3d 525, 531 (6th Cir., 1997). The magistrate judge concludes that the plaintiff has failed to identify a persuasive basis for disturbing the ALJ's credibility assessment.

The plaintiff's fourth and final numbered contention is that "the treating physician's opinion requires a finding of disability" (Docket Entry No. 12, p. 26). On March 3, 2004, the treating physician, John Tveite, completed the standard physical assessment form. Among other things, Dr. Tveite found that the plaintiff can stand/walk for "less than 2 hours in an 8-hour workday" and can sit for "less than about 6 hours in an 8-hour workday" (AR, pp. 334-335). The VE testified that these findings are incompatible with any type of full-time employment because they do not allow for an 8-hour workday (AR, p. 788). On the portion of the form that asked Dr. Tveite

11

to identify "what medical clinical findings support your conclusions," Dr. Tveite responded as follows (AR, p. 335):

> Patient complains of severe muscle spasms, fatigue, muscle pain to the point where he spends most of time in bed. Physical activity for even short periods of time is extremely fatiguing to Mr. Cox. He complains of severe low back pain and left leg pain with any long periods of walking, sitting, or standing.

A treating source's medical opinion is entitled to controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). The ALJ found that Dr. Tveite's disabling findings are not entitled to controlling weight, in part, because "[t]he majority of Dr. Tveite's limitations are based on what the claimant has subjectively presented to him, which are found not fully credited" (AR, p. 25). The magistrate judge concludes that the ALJ identified a substantial reason for declining to defer to Dr. Tveite's disabling findings.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections.  A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings.  The original objections shall be sent to the Clerk of Court either electronically or by mail.  A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov.  Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party.  *Thomas v. Arn*, 474 U.S. 140 (1985).